```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
RAFAEL DURAN,

            Plaintiff,
                                          MEMORANDUM & ORDER
     - against -
                                          No. 20-cv-4542 (KAM)
COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
------------------------------------X
```

Christopher James Bowes ("Mr. Bowes"), counsel to Plaintiff Rafael Duran ("Plaintiff") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $12,863.50. (ECF No. 30.) The Commissioner of Social Security ("Commissioner") does not oppose the motion. (*See* ECF No. 33.) For the reasons set forth below, counsel's motion is **GRANTED** and he is awarded $12,863.50 in attorney's fees less the $5,070.00 previously received under the Equal Access to Justice Act ("EAJA"). Mr. Bowes is directed, upon receipt of the § 406(b) fee award, to refund to Plaintiff the $5,070.00 previously awarded under the EAJA.

## BACKGROUND

After Plaintiff's application for disability insurance benefits was denied on December 6, 2016, Plaintiff appeared before Administrative Law Judge ("ALJ") Ifeoma N. Iwuamadi, who determined in a July 2, 2019 decision that Plaintiff was not

entitled to benefits. (ECF No. 25 at 2.[1]) On July 22, 2020, the Appeals Council denied review of ALJ Iwuamadi's decision, rendering it the Commissioner's final decision. (*Id.*)

Plaintiff filed this instant action *pro se* on September 24, 2020. (*See* ECF No. 1.) On April 13, 2021, Mr. Bowes appeared in this action on Plaintiff's behalf. (ECF No. 9.) Pursuant to Plaintiff's retainer agreement with Mr. Bowes, Plaintiff agreed to pay Mr. Bowes 25% of his past-due benefits as attorney's fees if he successfully obtains his benefits through this proceeding. (ECF No. 31 at 12, "Bowes Decl. Ex. A.") Plaintiff's retainer agreement with Mr. Bowes further states that an award of attorney's fees would be offset by any amount previously awarded under the EAJA. (*Id.*)

On August 1, 2022, the Court granted Plaintiff's motion for judgment on the pleadings, denied the Commissioner's cross-motion, and remanded the case for further proceedings. (*See generally* ECF No. 25.) On January 9, 2023, Mr. Bowes was awarded $5,070.00 in attorney's fees under the EAJA. (ECF No. 31 ¶ 14.) On remand, ALJ Margaret Pecoraro found Plaintiff "disabled" as of October 1, 2016, and awarded Plaintiff past-due benefits from March 2017 through December 2024, amounting to $51,545. (*Id.* ¶¶ 15-18.)

Mr. Bowes now seeks an order approving the payment of

---

[1] All pin citations to the record refer to the page number assigned by the court's CM/ECF system.

$12,863.50 in attorney's fees, or 25% of Plaintiff's past-due benefits, less the amount already awarded by the EAJA for a net fee of $7,793.50. (ECF No. 32 at 8.) Mr. Bowes supports this motion with records showing that he completed 23.2 hours of work, equaling a rate of $554.46 per hour ($12,863.50/23.2 hours). (ECF No. 31 at 14, "Bowes Decl. Ex. B.")

## DISCUSSION

The Social Security Act, 42 U.S.C. § 423, permits district courts to authorize reasonable attorney's fees up to 25% of a claimant's past-due benefits when a claimant is successful in federal court. *See* 42 U.S.C. § 406(b)(1)(A). The Second Circuit has held that a court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine the reasonableness of an attorney fee, courts will consider (1) "the character of the representation and the result the representation achieved," (2) "whether a claimant's counsel is responsible for undue delay" that increases the amount of the claimant's recovery, (3) "whether there was fraud or overreaching in the making of the contingency arrangement," and (4) whether the amount ultimately requested would result in a

3

"windfall" for the attorney. *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).

Here, the Court finds that all of these factors weigh in favor of granting the fee request. Mr. Bowes seeks $12,863.50, which is no more than 25% of Plaintiff's past-due benefits, after obtaining a favorable result for Plaintiff. As a result of Mr. Bowes's advocacy, Plaintiff was able to obtain $51,454 in past-due benefits on remand, despite previously being denied multiple times. There is also no indication of either undue delay in this action or of fraud or overreach in the making of Mr. Bowes's retainer agreement with Plaintiff. Though Mr. Bowes requested three extensions to submit his briefing, resulting in a total delay of fifty-seven days, such extensions are commonplace in social security cases, and Mr. Bowes provided acceptable reasons for each extension.[2]

Lastly, the Court must assess whether the requested payment of $12,863.50, and a *de facto* hourly rate of $554.46, results in a windfall. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields*, 24

---

[2] Mr. Bowes's first extension request was made on the day he appeared in the action, and one day after Plaintiff's motion papers were due. (*See* ECF Nos. 9, 10.) Mr. Bowes stated that this 49-day extension was necessary because he was new to the case, and he needed time to complete the motion papers. (ECF No. 10.) Mr. Bowes's second and third requests for extensions were due to unforeseen work and family matters, resulting in a combined delay of eight days. (ECF Nos. 11, 12.)

4

F.4th at 854. Specifically, courts must consider: (1) "the ability and expertise of the lawyers" and whether the attorney was "particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship" between the lawyer and claimant, "including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve the result." *Id.* at 854–855. Courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.[3]

Here, upon consideration of the four windfall factors, the Court finds that Mr. Bowes's requested fee award would not result in a windfall. First, Mr. Bowes has extensive experience representing individuals under the SSA, having represented claimants in over 1,000 civil actions in district court and over 2,000 claimants at administrative hearings before the Social Security Administration. (ECF No. 31 ¶¶ 33–35.) Further, Mr.

---

[3] While counsel's hourly rate may not be dispositive in ascertaining reasonableness here, other courts in this Circuit have found similar or even higher hourly rates to be reasonable in social security cases. *See Dillon v. Saul*, No. 16-cv-00425(MAT), 2020 WL 360966, at *3 (W.D.N.Y. Jan. 22, 2020) (finding an effective hourly rate of $740.02 to be reasonable); *Stovall v. Berryhill*, No. 16-cv-05129(NG), 2022 WL 798160, at *1 (E.D.N.Y. Mar. 16, 2022) (finding a de facto hourly rate of $902.23 to be reasonable).

5

Bowes's 23.2 hours of work on this matter demonstrates efficiency and does not warrant a downward adjustment. *See Fields*, 24 F.4th at 854 (finding 25.8 hours to be a reasonable amount of time and it "might reasonably have taken twice as much time" for other lawyers to do the same work).

Second, though the Court notes that Mr. Bowes did not represent Plaintiff before the agency prior to this action, the Court finds that this factor alone does not warrant a downward adjustment of Mr. Bowes's fee award, given that the number of hours spent was not greater than necessary and the *de facto* hourly rate is relatively low. *See Tastan v. Comm'r. of Soc. Sec.*, No. 23-cv-1831(NRM)(ARL), 2025 WL 1640539, at *4 (E.D.N.Y. Feb. 20, 2025), *report and recommendation adopted*, No. 23-cv-1831(NRM)(ARL) (E.D.N.Y. Mar. 19, 2025) (finding no downward adjustment necessary even where counsel did not represent claimant in the underlying agency proceedings prior to the federal court action); *Stovall*, 2022 WL 798160, at *3 (same).

Third, there is no evidence that Plaintiff is dissatisfied with the successful results achieved. Mr. Bowes successfully challenged the SSA's decision and secured a remand, resulting in Plaintiff receiving his past-due benefit payments. (ECF No. 31 ¶¶ 12, 15.) Thus, this factor weighs against finding the fee to be a windfall. *See Finnegan v. Comm'r. of Soc. Sec.*, No. 21-cv-2070(PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("the

6

Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary").

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Despite counsel's ultimate success in this case, the Court recognizes – as the Second Circuit did in *Fields* – that "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do. 'In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.'" *Fields*, 24 F.4th at 855-56 (quoting *Wells*, 907 F.2d at 371). Thus, no downward adjustment is warranted under this factor.

Accordingly, the Court finds that Mr. Bowes's requested fee award of $12,863.50 is reasonable and in line with awards generally approved for similar work performed. However, within five (5) business days of receipt of his § 406(b) fee award, Mr. Bowes must return the previously received EAJA fee award of $5,070 to Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA] and § 406(b)], but the

7

claimant's attorney must refund to the claimant the amount of the smaller fee.").

## **CONCLUSION**

Accordingly, Mr. Bowes's motion is **GRANTED,** and the Court approves an award of fees in the amount of $12,863.50 to be paid to Mr. Bowes pursuant to 42 U.S.C. § 406(b).  Within five (5) business days of receipt of § 406(b) fees, Mr. Bowes shall remit the EAJA award of $5,070 to Plaintiff and shall file a declaration stating such on the docket.  Mr. Bowes is also directed to serve a copy of this Order and the docket on his client, Plaintiff, and shall note proof of service on the docket no later than June 30, 2025.

**So ordered.**

Dated:   June 25, 2025
         Brooklyn, New York        _____
                                   **Kiyo A. Matsumoto**
                                   United States District Judge
                                   Eastern District of New York